IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: § § § § § § | § § § § § § | CASE NO. 13-10255 <br><br> CHAPTER 7 |
| ROBERT L. HECKLER AND RUTH H. HECKLER | | |
| *Debtors*. | | |

| | | |
|---|---|---|
| RON SATIJA | § § § § § § § § § § § § | |
| *Plaintiff*, | | |
| V. | | ADVERSARY NO. |
| ROBERT L. HECKLER, RUTH H. HECKLER, MINOR CHILD 1, MINOR CHILD 2, AND MINOR CHILD 3 | | |
| *Defendants*. | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Ron Satija (the "Plaintiff") files his *Original Complaint* ("Complaint") against Robert L. Heckler, Ruth H. Heckler (collectively the "Defendants") and Minor Child 1, Minor Child 2 and Minor Child 3 (collectively the "Minor Child Defendants") pursuant to 11 U.S.C. §§ 542, 548 and 727 requesting the Court deny the Defendants' discharge and recovery of $78,000.00. In support, the Plaintiff would show:

### I. JURISDICTION AND VENUE

1. The Court has jurisdiction over this adversary proceeding pursuant to 11 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. §157(b)(2). Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

## II. THE PARTIES

2. The Plaintiff is the appointed Chapter 7 Trustee to administer the bankruptcy estate (the "Estate") of Robert L. Heckler and Ruth H. Heckler (the "Defendants" or "Debtors"). The Plaintiff may be served with process through the undersigned counsel.

3. Defendants Robert Heckler and Ruth Helen Heckler are individuals who reside in the State of Texas, and are debtors in this court, and may be served with process at 4700 Norman Trail, Austin, Texas 78749.

4. Defendants, Minor Child 1, Minor Child 2 and Minor Child 3, are individuals, are the minor children of the Defendants and reside in the State of Texas. The Minor Defendants may be served with process at 4700 Norman Trial, Austin, Texas 78749.

## III. FACTS

5. Based on information and belief, the Defendants and Plitt International, LLC, West End Lighting, LLC and Robert Weber (collectively "Plitt") were in business together prior to the Petition Date. Their joint business was West End Lighting, LLC ("WEL").

6. Based on information and belief as early as August 2011, the Defendants and Plitt began a dispute regarding the management of their business. This dispute culminated in the Defendant, Robert Heckler's, request to be bought out of the business and removed from the personal loan obligations of WEL in January 2012.

7. On or about August 27, 2012, Defendant, Robert Heckler, resigned from WEL.

8. On March 5, 2012, the Defendants transferred $78,000.00 from their money market account to Minor Defendants' bank accounts. Based on the Defendants' *Statement of Financial Affairs* these transfers were "gifts". However, based on information and believe, the Defendants maintain full signatory power on each of the Minor Defendants' accounts and have

the ability to transfer money from each account at their will and pleasure. Additionally, the Defendants have continually and systematically transferred money from the Minor Defendants' accounts after the transfer in March 2012 until the Petition Date.

9. From a review of the Defendants and Minor Defendants bank accounts, the Plaintiff has identified the following transfers and payments leading up the the Defendant's bankruptcy filing in February 2013 and after the Defendant's law suit against Plitt was filed:

   a. In August 2012, the Defendants made two payments of $5,000.00 to "FID BKG SVC LLC MONEYLINE" and wrote two checks for $4,000 and 5,000.00;

   b. In September 2012, the Defendants transferred $10,000 on September 4, 2012, $8,000 on September 6, 2012; $5,000 and $3,000 on September 24, 2012 from the Minor Defendants account to their personal account. Additionally, the Defendants wrote a check for $7,740 to an unknown payee;

   c. In November 2012, the Defendants transferred $5,000.00 on November 5, 2012 to their personal account;

   d. In January 2013, the Defendants transferred $2,500.00 on January 4, 2013, $2,500.00 on January 11, 2013; and $3,000 on January 19, 2013.

The frequency and amount of transfers from March 2012 through January 2013 evidences that the Defendants have maintained full access and authority of the Minor Defendants bank accounts.

10. In March 2012, the Defendants filed a law suit in the District Court for Travis County, Texas (the "State Court Action") against Plitt requesting that WEL be placed in receivership.

11. Immediately thereafter Plitt filed their counter claim. Additionally, Plitt has filed a related adversary in this Court bearing Adversary No. 13-10255 asserting causes of action under 11 U.S.C. §§ 523 and 727.

12. On February 8, 2013 (the "Petition Date"), the Defendants filed their voluntary petition for relief under chapter 7 of the United States Bankruptcy Code.

13. As of the Petition Date, the Defendants list $26,292.33 in the Minor Defendants' accounts. From the date of the initial transfer in March 2012 to the Petition Date, the Defendants used, spent or transferred $51,707.67 from the Minor Defendants accounts.

## IV. CAUSES OF ACTION

**COUNT 1 - Fraudulent Transfer Against the Defendants**

14. The Plaintiff incorporates paragraphs 5 through 13 as if set out here in full.

15. Pursuant to 11 U.S.C. §548(a)(1)(A) the Plaintiff, as Trustee, may seek to recover any transfer of the Defendant made within two (2) years of seeking bankruptcy protection if such transfer or transfers were made by the Defendant with the actual intent to hinder, delay or defraud their creditors.

16. Pursuant to 11 U.S.C. §548(a)(1)(B), the Plaintiff, as Trustee, may seek to recover any transfer of the Defendant made within two (2) years of seeking bankruptcy protection if the Defendants (1) transferred property, (2) the Defendants received less than reasonably equivalent value in exchange for the transfer, and (3) the transfer made the Defendant insolvent or the Defendant was insolvent at the time of the transfer or the Defendant made the transfer to an insider.

17. In March 2012, the same month as the pending litigation between Plitt took place, the Defendants transferred $78,000 from their personal accounts to the accounts of the Minor Defendants. Each Minor Defendant received $26,000.00. From the date of the transfer to the Petition Date, the Defendants used or spent $51,707.67 of the $78,000.00 resulting in a total balance in the Minor Defendants' accounts on the Petition Date of $$26,292.33.

18. Additionally, based on the Defendants schedules, a loan on which they were personal guarantors was already in default in approximately $274,000. As such, such transfer was made while the Defendants were insolvent.

19. In February 2013, the Defendants filed their voluntary petition under Chapter 7. As such, the transfers were within two years of the Petition Date.

20. Alternatively, based on the transfer the Defendants became insolvent. After the transfer, the Defendants no longer were able to service their debts as they came due. The Defendants continually and systematically pilfered the Minor Defendants accounts to meet the Defendants daily expenses. Without the Defendants continually dipping into the Minor Defendants accounts, they would not have been able to meet their debts as they came due.

21. Alternatively, the transfer was made to the Defendants insiders as Minor Defendants are the sons of the Defendants.

22. Based on information and belief, the Defendants maintained full access and authority to access and use the money deposited in the Minor Defendants accounts from the date of the March 2012 transfers until the Petition Date.

23. The transfer referenced herein was made by the Defendants to the Minor Defendants.

24. As such, the Plaintiff requests the recovery of the $78,000.00, or the reasonably equivalent thereof.

**COUNT 2 - Objection to Discharge Against the Defendants**

25. The Plaintiff incorporates paragraphs 5 through 13 as if set out here in full.

26. Without waiving Count 1, Pursuant to 11 U.S.C. §727, the Plaintiff, as Trustee, may object to the Defendants' discharge if the Defendant, with the intent to hinder, delay or

defraud its creditors, have, within one (1) year prior to the Petition Date, transferred, removed, destroyed, mutilated or concealed their property.

27. In March 2012, the same month as the pending litigation between Plitt took place, the Defendants transferred $78,000 from their accounts to the accounts of the Minor Defendants. Each Minor Defendant received $26,000.00. From the date of the transfer to the Petition Date, the Defendants used or spent $51,707.67 of the $78,000.00.

28. In February 2013, the Defendants filed their voluntary petition under Chapter 7. As such, the Defendants transferred the money within one year of the Petition Date.

29. Based on information and belief, the Defendants maintained full access and authority to access and use the money deposited in the Minor Defendants accounts from the date of the March 2012 transfers until the Petition Date.

30. Based on the Defendants' transfer of money after the the Law Suit referenced above coupled with the Defendants continued dominion and control of the Minor Defendants bank accounts and subsequent transfers and payments from those accounts, the Plaintiff asserts that the Defendants have transferred property for the sole purpose of hindering or delay payment to their creditors.

31. The Plaintiff has not identified a tangible or legitimate reason for the Defendants to "gift" $78,000.00 to the Minor Defendants and then systematically withdraw such "gifts" at their leisure to pay the Defendants debts as they come due.

32. As such, the Plaintiff requests that the Defendants discharge be denied.

**COUNT 3 – Turnover Property of the Estate Against Minor Defendants**

33. The Plaintiff incorporates paragraphs 5 through 13 as if set out here in full.

34. Without waiving Counts 1 and 2, the Plaintiff pursuant to 11 U.S.C. §542, alleges that Minor Defendants are in possession or in control of property of the bankruptcy estate.

35. On the Petition Date, the Defendants listed $26,292.33 contained in the Minor Defendants' accounts. The accounts are subject to the dominion and control of the Defendants. Specifically, from the transfer date in March 2012 through the Petition Date, the Defendants used 51,707.67 of the $78,000.00 to pay personal obligations.

36. The transfer of $78,000 was made from the Defendants' bank account in March 2012.

37. Because the Defendants maintain full right and access to the accounts, the money contained therein became property of the estate on the Petition Date.

38. As such, the Plaintiff requests turnover in the amount of $26,292.33, or the reasonable equivalent thereof, to be used for the benefit of the estate's creditors.

**COUNT 4 – Turnover Property of the Estate Against Defendants.**

39. The Plaintiff incorporates paragraphs 5 through 13 as if set out here in full.

40. Without waiving Counts 1, 2 and 3, the Plaintiff pursuant to 11 U.S.C. §542, alleges that Defendants are in possession or in control of property of the bankruptcy estate.

41. On the Petition Date, the Defendants listed $26,292.33 contained in the Minor Defendants' accounts. The accounts are subject to the dominion and control of the Defendants. Specifically, from the transfer date in March 2012 through the Petition Date, the Defendants used 51,707.67 of the $78,000.00 to pay personal obligations.

42. The transfer of $78,000 was made from the Defendants' bank account in March 2012.

43. The Defendants maintain full right and access to the accounts as demonstrated by their systematic and continually spending via the Minor Defendants accounts from March 2012 to the Petition Date. Because the Defendants have exercised complete dominion and control over the Minor Defendants' accounts the money contained therein became property of the estate on the Petition Date.

44. As such, the Plaintiff requests turnover in the amount of $26,292.33, or the reasonable equivalent thereof, to be used for the benefit of the estate's creditors.

## V. PRAYER

WHEREFORE, the Plaintiff, Ron Satija, prays that the Defendants be cited to appear and answer. The Plaintiff further prays that he be award a judgment against the Defendants as follows:

(1) $78,000.00, or the reasonable equivalent thereof, from the Defendants for their fraudulent transfer to Minor Defendants in March 2012;

(2) Denying the Defendants' discharge pursuant to 11 U.S.C. §727 as the Defendants transferred property with the intent to hinder, delay or defraud their creditors;

(3) Turnover of $26,292.33, or the reasonable equivalent thereof, from the Minor Defendants as they are in possession of estate property;

(4) Turnover of $26,292.33, or the reasonable equivalent thereof, from the Defendants as they are in possession of estate property;

(5) Pre-judgment and post judgment interest;

(6) Costs of court;

(7) All reasonable and necessary attorney fees incurred in this matter;

(8) All other relief that Plaintiff is justly entitled.

Respectfully submitted,

**HALL ATTORNEYS
A PROFESSIONAL CORPORATION**

*/S/ MATTHEW J. WAGNER*
Ron Satija
State Bar No. 24039158
Nicholas Hall
State Bar No. 24069863
Matthew J. Wagner
State Bar No. 24075232
701 Brazos Street, Suite 500
Austin, Texas 78701
Tel: 512.551.3041
Fax: 512.692.2833
**ATTORNEYS FOR PLAINTIFF**